**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **PUSHPA SRIVASTAVA,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 4:25-cv-00117-SPM |
| | ) |
| **HYANNIS AIR SERVICE, INC. D/B/A** | ) |
| **CAPE AIR,** | ) |
| | ) |
|       **Defendant.** | ) |

**STIPULATED PROTECTIVE ORDER**

COME NOW Plaintiff and Defendant, by their respective undersigned attorneys, and hereby agree to issuance of the following Stipulated Protective Order governing the production of proprietary and confidential documents or information. Accordingly, for good cause, and upon agreement of counsel for the parties, IT IS HEREBY ORDERED AS FOLLOWS:

1.    Scope of Protection

This Stipulated Protective Order shall govern any record or information produced in this action that is designated as defined in the following paragraphs of this Stipulated Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents, supplemental discovery responses, and other discovery materials, whether produced in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery, and including material produced or testimony given prior to the entry of this Order. This Stipulated Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires or for whom the parties desire the protection of this Protective Order.

1

2. <u>Definition(s)</u>

The term CONFIDENTIAL INFORMATION shall mean non-public confidential or proprietary information, including, but not limited to, personnel information, financial information, business information, technical information, trade secrets, and health or medical information designated as such by the producing party.

3. <u>Designation of Information</u>

   a. Documents and things shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page (whether in paper or electronic form), a legend/designation "CONFIDENTIAL" at either the top or bottom of the document.

   b. A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION by either stating on the record that a portion of the transcript or testimony should be so designated at the time of the deposition, or by notifying the other party in writing after the deposition of its desire to so designate.

   c. A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and Court personnel, and to designate the transcript appropriately.

   d. The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION that are not entitled to such designation.

4. <u>Disclosure and Use of Confidential Information</u>.

Information that has been designated CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence and shall use the information only for purposes of the above-captioned lawsuit.

5. <u>Qualified Recipients</u>

For purposes of this Order, "Qualified Recipient" means

   a. Counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action;

   b. Court officials involved in this action (including but not limited to Court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

   c. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

   d. Any expert or consultant employed by counsel of record, subject to Paragraph 4 above;

   e. Plaintiff and Defendant (including Defendant's leadership and/or management-level and HR personnel) may be shown documents designated as CONFIDENTIAL by the opposing party provided that they are advised and agree that such information must be held confidential, shall be used for purposes of this litigation only, and cannot be further shared or disseminated;

   f. The insurer of a party to litigation, if applicable, and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an

3

       opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

   g. Witnesses in this case, only to the extent necessary provided that they are advised and agree that such information must be held confidential, shall be used for purposes of this litigation only, and cannot be further shared or disseminated; and,

   h. Any person approved in writing by the producing party.

6. <u>Use of Protected Information</u>

   a. If a party wishes to file any other party's CONFIDENTIAL INFORMATION with the Court, the filing party must file an appropriate motion seeking leave to file a sealed document and comply with all applicable laws and Court rules related to the proposed filing of sealed documents. The parties understand and agree that the fact that certain information or material has been protected as confidential by the parties pursuant to a Protective Order is relevant to, but not dispositive of, the Court's determination regarding whether the information or material will ultimately be sealed when filed with the Court. The parties further understand and agree that information filed under seal may later become unsealed pursuant to applicable laws or Court orders. To the extent confidential information can be protected by use of appropriate redactions without impacting the material information or purpose for which the document is being filed, the filing party may do so in lieu of moving to file such documents under seal.

   b. The parties do not waive any right to object at trial to the admissibility of any document or during discovery to the discoverability of any document, which falls

4

under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

7. <u>Inadvertent Failure to Designate</u>

   a. In the event that a producing party inadvertently fails to designate any of its information pursuant to Paragraph 3, it may later designate by notifying the receiving party in writing. The receiving party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

   b. No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

8. <u>Challenge to Designation</u>

   a. Notwithstanding anything set forth above, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may, within thirty (30) days of receipt of the document from the producing party, request in writing that the producing party change the designation, stating the reasons in that request. The producing party shall then have fourteen (14) days from the date of receipt of the notification to:

      i. advise the receiving party whether or not it persists in such designation; and

      ii. if it persists in the designation, to explain the reason for the particular designation.

   b. If its request under subparagraph (a) above is denied, or if no response is made within fourteen (14) days after receipt of notification, any party may then move the

Court for a ruling with respect to the designation. The burden of proving that the designation is proper shall be upon the producing party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

9. <u>Inadvertently Produced Privileged Documents</u>

The parties agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court for an Order that such document or thing has been improperly designated or should be produced.

10. <u>Limitation</u>

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not admissible.

11. <u>Conclusion of Action</u>

   a. At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall either destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION.

6

        Such return shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

    b. After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION. Trial counsel's archive copy shall remain subject to all obligations of this Order.

12. <u>Production by Third Parties Pursuant to Subpoena or Otherwise</u>

Any third-party producing documents or giving testimony in this action may designate said documents or testimony as CONFIDENTIAL INFORMATION, or a Party in this action may so designate the information, and it shall be treated as such according to the terms of this Order. If another Court or an administrative agency subpoenas or orders production of confidential information that a party has obtained under the terms of this Order, such party shall promptly notify the party or other persons who designated the document as confidential of the receipt of such subpoena or order.

13. <u>Modification of Stipulated Protective Order</u>

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

14. <u>Confidentiality of Party's own Documents; Prior Disclosures</u>

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, managers, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Stipulated Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it.

The parties agree to immediately abide by the terms of this Stipulated Protective Order

upon the signatures or electronic signatures of their counsel below, even before the Order is formally signed and adopted by the Court.

Respectfully submitted this 29th day of May, 2025.

| PLAINTIFF | DEFENDANT |
|---|---|
| */s/ Doug Ponder (with permission)* | */s/ Andrew D. Kinghorn* |
| Douglas Ponder, #54968 MO | Andrew D. Kinghorn, #66006 MO |
| Jaclyn Zimmermann, #57814 MO | Madelyn S. Foster, #76937 MO |
| PONDER ZIMMERMANN, LLC | JACKSON LEWIS P.C. |
| 20 South Sarah Street | 1 N. Brentwood Blvd., Suite 1150 |
| St. Louis, MO 63108 | St. Louis, MO 63105 |
| Tel: (314) 272-2621 | Tel: (314) 827-3939 |
| Fax: (314) 272-2713 | Fax: (314) 827-3940 |
| dbp@ponderzimmermann.com | Andrew.Kinghorn@jacksonlewis.com |
| jmz@ponderzimmermann.com | Madelyn.Foster@jacksonlewis.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**SO ORDERED:**


DATED _____

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE